UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BENJAMIN MOORE AND CO., | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2288-B |
| DELWYN HOWELL MENENDEZ, | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are two motions filed by Plaintiff Benjamin Moore and Co.: (1) its Motion for Entry of Default Judgment (Doc. 20), pursuant to Federal Rule of Civil Procedure 55, filed on July 24, 2019, against Defendant Delwyn Howell Menendez; and (2) its Motion to Disburse Interplead Funds (Doc. 22), filed on July 26, 2019. For the reasons discussed below, the Court **GRANTS** both motions.

## I.

## BACKGROUND

On August 29, 2018, Wells Fargo Bank, N.A. filed its Original Petition for Interpleader, identifying Menendez and Benjamin Moore as claimants to funds in a Wells Fargo checking account. Doc. 1, Orig. Pet. for Interpl., ¶¶ 1–2. Wells Fargo sought to deposit the funds into the Court Registry, so that Menendez and Benjamin Moore could litigate their respective claims. *Id.* ¶ 18.

On November 20, 2018, Benjamin Moore answered. Doc. 5, B.M.'s Answer. After Wells Fargo was unable to locate Menendez for service, the Court granted Wells Fargo's request for service

by publication. Doc. 9, Elec. Order. Publication was made during four consecutive weeks in February 2019. Doc. 13, Notice. On May 3, 2019, the Clerk entered Menendez's default. Doc. 15, Entry of Default. To date, Menendez has not entered an appearance in this case nor filed any responsive pleadings to the Original Petition for Interpleader.

On June 21, 2019, Wells Fargo was dismissed as a party and ordered to deposit the interplead funds into the Court Registry. Doc. 17, Order. On July 12, 2019, Benjamin Moore and Menendez were realigned as Plaintiff and Defendant, respectively, and Benjamin Moore was ordered to move for default judgment against Menendez no later than July 26, 2019. Doc. 19, Order.

Benjamin Moore now moves for default judgment[1] and disbursement of the interplead funds.

## II.

## LEGAL STANDARD

When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds. *USAA Fed. Sav. Bank v. Lavean*, 2015 U.S. Dist. LEXIS 134301, at *4 (W.D. Tex. Oct. 1, 2015) (citing *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 & n.6 (2d Cir. 1983) (default of two of three interpleader defendants obviated need for judicial determination of answering defendant's entitlement to funds)). Accordingly, if default judgment against Menendez is warranted, then disbursement of the interplead funds to

---

[1] The Court construes the motion as one for default judgment pursuant to Rule 55(b)(2), despite some technical deficiencies. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Benjamin Moore is proper.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

Generally, the entry of default judgment is committed to the district court's discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Among the factors a district court may consider when deciding whether to grant a default judgment are whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## III.

## ANALYSIS

Applying the *Lindsey* factors to this case, the Court finds no reason that a default judgment should be avoided. First, Menendez has not appeared, let alone filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893. Second, Menendez's "failure to respond threatens to bring the adversary process to halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default have been clearly established by Menendez's failure to respond to the Original Petition for Interpleader and the Entry of Default by the Clerk. Fourth, there is no evidence before the Court to indicate that Menendez's complete

nonresponsiveness is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the harshness of default judgment is mitigated by the fact that Menendez has forfeited any claim of entitlement he may have had to the interplead funds. *See Metro. Life Ins. Co. v. Theriot*, 2010 WL 4644057, at *3 (W.D. La. Nov. 8, 2010) (citing *Shuqualak Lumber Co., Inc. v. Hardin*, 2009 WL 2767676, at *2 (N.D. Miss. Aug. 27, 2009) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted.")) And sixth, the Court is not aware of any facts that would give reason to set aside the default if challenged by Menendez. Therefore, the Court concludes that default judgment is proper. As a result, Benjamin Moore is entitled to the interplead funds.

## IV.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment (Doc. 20) and Motion to Disburse Interplead Funds (Doc. 22). Accordingly, the Court **ENTERS an ORDER OF DEFAULT JUDGMENT** against Menendez, and the Clerk of this Court is **ORDERED** to disburse the interplead funds of $16,057.97, plus any and all accrued interest, to Benjamin Moore, making the check payable to "Benjamin Moore and Co." and mailing the check to the Benjamin Moore's counsel of record, as follows:

> Holden & Carr
> Attn: Steven E. Holden
> 1717 Main Street, Suite 5800
> Dallas, TX 75201

The Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

SIGNED: July 29, 2019

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE